Per Curiam
This is a Civil Motor Vehicle Infraction appeal pursuant to G. L. c. 90C, § 3(a) and Trial Court Rule VII in which the defendant, John F. Remondi, charges error in the trial court’s finding of “responsible” on a charge of speeding.
The docket entries and defendant’s Claim of Appeal indicate that: a G. L. c.90, § 17 motor vehicle citation for speeding was issued to the defendant by Officer Joseph R. Galante of the Boston Police Department on April 1,1987. A clerk-megistrate’s hearing in the Brighton Division of the District Court Department was held on June 24,1987. Officer Galante did not appear at the hearing. One Officer Lee, who the defendant later learned was also a member of the Boston Police Department, was present during the magistrate’s hearing of the defendant’s case, but did not identify himself and offered no evidence for the prosecution.
At the conclusion of the hearing, the magistrate found the defendant “not responsible” of the speeding charge. Officer Lee then stated that Officer Galante, who was not present, wished to appeal the magistrate’s finding. The defendant contested the absent officer’s right to appeal. An undated, unsigned claim of appeal form was thereafter placed on file with the clerk-magistrate’s office. This form erroneously identified the appellant as defendant Remondi who had prevailed at the magistrate’s hearing.
A de novo hearing was held by the trialjustice on July 15,1987, and a finding of “responsible” was entered.
1. Section (b)(3) of the Uniform Rules on Civil Motor Vehicle Infractions (Trial Court Rule VII) provides that a “claim of appeal to a judge from a clerk-magistrate’s finding and disposition shall be made upon the clerk-magistrate’s announcement of the finding and disposition and shall be noted on the citation.” A claim of appeal is to be made immediately upon the announcement of the magistrate’s finding. See Commonwealth v. Whalen, 1987 Mass. App. Div. 107. This mandatory requirement for the proper exercise of a right to a de novo appeal of a magistrate’s decision to a trialjustice is necessary to insure the “prompt and informal determination of civil motor vehicle infractions” as required by Section (a) of Trial Court Rule VII.
It is clear that no valid or timely claim of appeal was filed in the instant case. *85 The “claim of appeal” form at issue was submitted by an unidentified party at an undisclosed time subsequent to the completion of the magistrate’s hearing. No claim of appeal was submitted by Officer Galante. Officer Lee did not issue the citation in question and was, therefore, not authorized to prosecute the case or provide any evidence against the defendant. Lee’s statement that the absent Officer Galante “wished to appeal” clearly failed to serve as a timely claim of appeal cognizable under the rule.
2. Moreover, Officer Galante’s failure to appear may be deemed tantamount to a waiver of any right to appeal. General Laws c.90C, § 3A provides for notice of a civil motor vehicle infraction hearing to both the violator and the “officer concerned.” The obvious intent of the statute is that the police officer who issued the citation will attend the magistrate’s hearing and present evidence for the prosecution. The rights afforded a motorist by Section (b)(1) of Trial Court Rule VII to question and cross-examine witnesses at the discretion of the magistrate are nullified if the motorist is unable to confront the officer who issued the citation and who, in the vast majority of cases, is the only witness to the alleged motor vehicle infraction. Although G. L. c.90C, § 3A provides that “[e]ither party may appeal the decision of the clerk-magistrate to a justice,” elementary fairness dictates that such right of appeal vests only when the police officer who issues the citation appears and presents evidence at the hearing. Officer Galante’s failure to appear at the hearing in this case resulted in a total absence of any prosecution of the speeding charge against the defendant, and, accordingly, a waiver of any right to appeal the magistrate’s finding which was based on such lack of evidence. Had the defendant failed to appear at the magistrate’s hearing, his right to a hearing de novo before a trial justice would have been similarly foreclosed.
3. Accordingly, the trial court’s finding of “responsible” entered upon an improper appeal of the magistrate’s finding is hereby vacated. The magistrate’s finding of “not responsible” is affirmed and is to be entered as the final disposition of this case. So ordered.