Per Curiam
This is a Civil Motor Vehicle Infraction (C.M.V.I.) appeal pursuant to G.L. c. 90C, §3(A) and Trial Court Rule VII in which the defendant, Donald F. Murray, charges error in the trial court’s denial of his motion to dismiss a speeding citation issued against him by the Reading Police Department. At issue on this appeal is whether the failure of the police officer who issued the citation to attend a clerk-magistrate’s hearing entitled the defendant, on a de novo appeal, to a dismissal of the C.M.V.I. charge by the trial court.
On April 16,1988, the defendant was stopped and given a C.M.V.I. citation for speeding, G.L. c.90, §17, by Officer Kevin P. Cryts of the Reading Police Department. The defendant requested a clerk-magistrate’s hearing which was scheduled in the Woburn Division of the District Court Department on J uly 20, 1988.
Officer Cryts did not appear at the Woburn Division hearing on July 20, 1988. The defendant requested that the Clerk-Magistrate enter a required finding of “not responsible” on the basis of the officer’s absence. The Clerk-Magistrate denied the defendant’s request; and after hearing from the defendant and an unidentified “Reading Police Prosecutor,” found the defendant responsible on the speeding charge. The defendant seasonably exercised his right to a de novo appeal before a trial justice.
Prior to such judicial hearing, the defendant filed a motion to dismiss the C.M.V.I. citation on the grounds that the earlier clerk-magistrate’s hearing, conducted in the absence of the officer concerned, violated the defendant’s rights under G.L. c. 90C, §3 and the United States and Massachusetts Constitutions. The trial justice denied the defendant’s motion to dismiss; and proceeded to hear evidence from Officer Cryts and the defendant. The court ultimately entered a finding of “responsible” against the defendant.
1. This appeal presents a second request to this Division to determine the legal consequences of a police officer’s failure to appear at a G.L. c.90C, §3(A) clerk-magistrate’s hearing. In Commonwealth v. Remondi, 1988 Mass. App. Div. 84, we held that a failure by the police officer who issued the traffic citation to attend a magistrate’s hearing resulted in a waiver of any right to appeal the magistrate’s finding of “not responsible” to a trial justice. This ruling was premised upon the unambiguous provisions of G.L. c.90C, § 3(A) and Trial Court Rule VII which mandate notice of hearing to both the motorist and the “officer concerned,” and which extend to the motorist a right to cross-examine all witnesses. We concluded:
The obvious intent of the statute is that the police officer who issued the citation will attend the magistrate’s hearing and present evidence *194 for the prosecution. The rights afforded a motorist. . .to question and cross-examine witnesses at the discretion of the magistrate are nullified if the motorist is unable to confront the officer who issued the citation and who, in the vast majority of cases, is the only witness to the alleged motor vehicle infraction.
Id. at 85.
Implicit in the Remondi holding was a determination that the police officer responsible for the issuance of a C.M.V.I. citation[1] is required by both G.L. c.90C, §3 and Trial Court Rule VII to enforce such citation by appearing and presenting evidence at a clerk-magistrate’s hearing. A direct statement of the officer’s legal obligation to attend a C.M.V.I. magistrate’s hearing is set forth in Par. 5 of G.L. c.90C, §3(A) which provides that both the officer concerned and the motorist shall be notified of the date “on which they shall appear ready for hearing before the clerk-magistrate.. .(emphasis supplied).” Accordingly, a police officer’s failure to attend a magistrate’s hearing violates governing statutory and procedural requirements, and requires a magistrate to enter a finding of not responsible for the defendant.
2. The obvious point of departure in the present case is that the magistrate entered a finding of “responsible” against the defendant despite the absence of testimony by the officer concerned. The defendant seasonably appealed the erroneous magistrate’s finding, and a de novo hearing was held by the trial justice. The issue in this case is thus whether the defendant was entitled, on a de novo appeal, to a dismissal of the C.M.V.I. charge solely on the basis of errors committed at the clerk-magistrate’s hearing. We conclude that the defendant was so entitled, and that a dismissal of a C.M.V.I. citation is required under these circumstances to effectuate the purpose and policies of G.L. c.90C, §3.
Ordinarily, in district court criminal proceedings, a de novo jury trial is deemed to cure any procedural or substantive irregularities in the first trial, including those of constitutional proportion. See, generally, Mann v. Commonwealth, 359 Mass. 661, 667 (1971). Principles applicable to the formal prosecution of a criminal defendant by the Commonwealth in a bench or jury trial have little practical application, however, to quasi-administrative traffic proceedings which are civil in nature, may be conducted without resort to formal rules of evidence, and involve motor vehicle violations for which the maximum fine cannot exceed $100.00 for the first offense and which do not carry a penalty of imprisonment. The procedural scheme of G.L. c.90C is, in fact, sui generis, and designed by the Legislature as an informal, expeditious and inexpensive method of processing civil motor vehicle infractions. Commonwealth v. Mongardi, 26 Mass. App. Ct. 5, 8-9(1988). A clerk-magistrate’s hearing is the first proceeding in the statutory program created by the Legislature for traffic enforcement and C.M.V.I. resolution in the trial court. The practical purpose of such hearings is to secure the prompt and informal disposition of a significant proportion of traffic cases without a needless expenditure of judicial resources.
Once a motorist has requested such a hearing, participation is statutorily mandated for all parties. Motor vehicle cases cannot be concluded at the magistrate’s level, however, unless the defendant-motorist is afforded a full *195 and fair opportunity to answer the charges of the police officer responsible for the issuance of the traffic citation. As the magistrate’s hearing is the initial proceeding designated by the Legislature for traffic enforcement, the absence of the officer concerned from such hearing is tantamount to a non-prosecution of the C.M.V.I. citation. The case is then at end. A contrary holding would require a determination that a c.90C clerk-magistrate’s hearing was an optional proceeding merely preliminary to judicial disposition of these cases. The ordinary and usual meaning of the language employed by the Legislature in G.L. c.90C, §3(A) precludes such a determination.
In summary, the failure by the police officer concerned to attend and present evidence at a clerk-magistrate’s hearing signifies an election by the officer to forego prosecution of the citation, and results in a termination of the case against the defendant. The magistrate must dismiss the case or enter a finding of not responsible. An erroneous finding of “responsible” in such a case can and must be corrected on appeal to a trial justice.
3. The trial court’s finding of “responsible” is vacated. The citation is dismissed. So ordered.

The individual police officer who is required in a given case to participate in a clerk-magistrate’s hearing is identified in G.L. c.900, §3 as the officer who "records the occurrence of an automobile law violation” and as the "officer concerned.” In the majority of cases, the "officer concerned” will be the police officer who signs and issues the C.M.V.I. citation. In any given instance in which more than one officer is involved, attendance at a clerk-magistrate’s hearing will be required of that police officer who observed the motorist’s traffic violation and who is thus in a position to present direct evidence and be subject to cross-examination.