TOWN OF READING & another[1] *vs.* DONALD F. MURRAY.

Middlesex. April 5, 1989. — July 17, 1989.

Present: LIACOS, C.J., WILKINS, NOLAN, & O'CONNOR, JJ.

*Motor Vehicle*, Citation for violation of motor vehicle law. *Uniform Rules on Civil Motor Vehicle Infractions. Practice, Civil,* Traffic violation. *Constitutional Law*, Confrontation of witnesses.

A defendant who exercised his right to a de novo appeal before a District Court judge as provided by G.L. c. 90C, § 3(A), sixth par., from a clerk-magistrate's finding that he was "responsible" on a civil motor vehicle citation for speeding was not entitled to dismissal of the citation on the ground that the police officer who had issued the citation was not present at the clerk-magistrate's hearing. [416-419]

TRAFFIC CITATION issued on April 16, 1988.

The case was heard in the Woburn Division of the District Court Department by *Francis P. Cullen, J.*

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Tobin N. Harvey*, Assistant Attorney General (*H. Theodore Cohen*, Town Counsel, with him) for the town of Reading & another.

*Steven S. Epstein* (*Irwin Kwiat* with him) for the defendant.

O'CONNOR, J. The defendant received a civil motor vehicle citation for speeding. He requested a hearing before a clerk-magistrate of the District Court, and a hearing was held. Officer Kevin P. Crypts of the Reading police department, who had issued the citation, did not attend the hearing. After a police prosecutor and the defendant were heard, the clerk-magistrate denied the defendant's request that he enter a required finding of "not responsible" on the basis of the issuing officer's absence, and he found the defendant "responsible."

---

[1] Commonwealth of Massachusetts, intervener.

The defendant exercised his right to a de novo appeal before a judge of the District Court as provided by G. L. c. 90C, § 3(A), sixth par. (1986 ed.). In connection with the appeal, he moved to dismiss the charge on the ground "that the officer concerned failed to appear at the clerk-magistrate's hearing as required by G. L. c. 90C, § 3(A), paragraph 5." The judge denied the motion and, after listening to the testimony of Officer Crypts and the defendant, found the defendant responsible. The defendant appealed to the Appellate Divison, which ruled that the failure of Officer Crypts to appear and present evidence at the clerk-magistrate's hearing mandated that the defendant be found not responsible. The Appellate Division vacated the judge's finding, and ordered the citation dismissed. The town appealed. The Commonwealth was allowed to intervene, and it too appealed. We transferred the case from the Appeals Court to this court on our own initiative. We now reverse the Appellate Divsion and reinstate the finding of "responsible."

General Laws c. 90C, § 3(A), fifth par. (1986 ed.), states that, if any person issued a citation "requests a hearing on the violation charged, the clerk-magistrate shall as soon as practicable, unless a hearing date was entered on the citation at the time of its issuance . . . notify *the officer concerned* and the violator of the date on which *they shall appear* ready for hearing before the clerk-magistrate . . ." (emphasis added). The Appellate Division concluded, and the defendant now argues, that the statutory language, particularly the emphasized words, clearly mandates the appearance of the officer who issued the citation and the dismissal of the case if the officer does not appear. The town and the Commonwealth argue that the language in question is merely a notice provision and does not create any substantive right to have the issuing officer attend the clerk-magistrate hearing or have the citation dismissed. They concede that, if no representative of the citation-issuing authority had appeared at the clerk-magistrate hearing, dismissal for nonprosecution without right of appeal would be justified, but point out that in this case the town was represented at the hearing by its police prosecutor.

We agree with the town and the Commonwealth that G. L. c. 90C, § 3(A), fifth par., does not constitute a statutory mandate that the police officer who issued the citation attend and present evidence at the clerk-magistrate's hearing under sanction of having the charge against the defendant dismissed. Chapter 90C, § 3(C) (1986 ed.), provides that, if the violator fails without good cause to appear at the clerk-magistrate hearing, "the clerk-magistrate shall notify the registrar," who is to take action having possible impact on the violator's operator's license and motor vehicle registration. However, the statute is silent with respect to the consequences of the issuing officer's failure to attend. It would seem that, if the Legislature intended the remedy for the nonappearance of the issuing officer to be the dismissal of the citation without a right of appeal, the Legislature would have made that provision explicit. See, e.g., G. L. c. 90C, § 2, third par. (1986 ed.) ("A failure to give a copy of the citation to the violator at the time and place of the violation shall constitute a defense in any court proceeding for such violation . . ."). Furthermore, c. 90C, § 2, second par. (1986 ed.), provides that "any police officer assigned to traffic enforcement duty shall, whether or not the offense occurs within his presence, record the occurrence of automobile law violations upon a citation . . . and shall give a copy of the citation to the violator." The issuing officer need not have personally witnessed the violation for which the operator is cited. Thus, the failure of the officer to attend the hearing does not necessarily deprive the violator of a percipient witness who otherwise would be available for examination.

The defendant does not challenge the validity of Trial Court Rule VII, entitled "Uniform Rule on Civil Motor Vehicle Infractions," (Uniform Rule) which is applicable in the Boston Municipal Court, District Court, and Juvenile Court Departments and governs the procedures for determining responsibility for civil motor vehicle infractions. See *Commonwealth* v. *Mongardi*, 26 Mass. App. Ct. 5, 6 n.2 (1988). Section (b) (1) of that rule provides that the rules of evidence shall not apply at clerk-magistrate hearings. Thus, the system for administering c. 90C, § 3, contemplates that, at the clerk-magistrate hearing

stage, the evidence against a defendant might consist entirely of evidence not normally admissible at trial.

The defendant notes that § (b) (1) of the Uniform Rule also provides that "a party shall not be denied the opportunity to . . . cross-examine witnesses," and contends that the absence of Officer Crypts from the hearing violated his rights in that regard as well as his rights under art. 12 of the Declaration of Rights of the Massachusetts Constitution to "meet the witnesses against him face to face." However, the defendant does not contend that he was denied the opportunity to question the person who did appear against him, namely the Reading police prosecutor, or to present any evidence that he might have had to support his contention that he was not responsible for the violation charged. Moreover, the right to confrontation secured to a defendant in criminal cases by art. 12, contrary to the defendant's contention, is not implicated by this noncriminal proceeding. See *Murphy* v. *Superintendent, Mass. Correctional Inst., Cedar Junction*, 396 Mass. 830 (1986); *Commonwealth* v. *McGruder*, 348 Mass. 712, 716 (1965), cert. denied, 383 U.S. 972 (1966).

Even if we assume, without deciding the point, that, since Officer Crypts did not appear and testify, the clerk-magistrate's finding of responsibility was not based on "a preponderance of the credible evidence," as required by c. 90C, § 3 (A), sixth par., the defendant was not harmed. He exercised his right of appeal in the form of a de novo trial before a judge of the District Court. The proceedings in such an appeal, just as in a criminal case in the District Court, begin with a clean slate. All "errors and irregularities in the proceedings" below are rendered immaterial by the appeal. *Foley* v. *Lowell Div. of the Dist. Court Dep't*, 398 Mass. 800, 803-804 (1986), and cases cited. See *Mann* v. *Commonwealth*, 359 Mass. 661, 664 (1971); *Commonwealth* v. *Higgins*, 23 Mass. App. Ct. 552, 557-558 (1987). Moreover, even if the clerk-magistrate had concluded that the evidence presented by the police prosecutor, in the absence of a percipient witness, was insufficient to find the defendant responsible, the Legislature clearly intended that the town would have had a right to appeal this finding to a de

novo trial before a judge of the District Court. The statute provides that "[e]ither party may appeal the decision of the clerk-magistrate to a justice, who shall hear the case de novo" (emphasis added). G. L. c. 90C, § 3 (A), sixth par. Since any error by the clerk-magistrate was harmless, the District Court judge's finding of "responsible" must stand. The decision of the Appellate Division is reversed.

*So ordered.*