This is an appeal pursuant to G.L. c. 90C concerning a civil motor vehicle infraction. The defendant was found responsible by the judge and appealed to this division.
A claim of error raised by the defendant is that the citing police officer was not a witness to the incident. This division has previously decided that a police officer has the authority to issue a citation for a civil motor vehicle infraction even if he does not witness the event, so long as he concludes there is sufficient evidence to support a finding of “responsible” on the charge, whether by independent investigation or otherwise. Commonwealth v. McGrath, 1987 Mass. App. Div. 184.
Another claim of error raised by the defendant is that the citing police officer was not present at the hearing before the clerk-magistrate. There is no error. The right to a de novo hearing before a judge renders immaterial all errors and irregularities, if any, in the hearing before a clerk-magistrate. Reading v. Murray, 405 Mass. 415, 418 (1989).
Defendant also claims that certain evidence she wished to offer through an expert witness was excluded. However, she made no offer of proof; thus, there is nothing in the record to show there was error in excluding the questions. Commonwealth v. Kleciak, 350 Mass. 679, 693 (1966).
The record has been reviewed and we have concluded that there was sufficient evidence presented at the hearing before the trial judge that, if believed, would have substantiated a finding of responsible. Although there may have been conflicting evidence, it was the duty of the trial judge to decide disputed questions of fact in arriving at a decision. An appellate division reviews questions of law and cannot review the trial judge's findings of fact. N.B. Lumber Corp. v. Boisvert, 51 Mass. App. Div. 186, 192 (1973). The defendant has not presented an error of law but simply a disagreement with the facts. Commonwealth v. Hawxhurst, 1988 Mass. App. Div. 25.
There being no error of law, the adjudication is affirmed.