Johnson, P.J.
The defendant-appellant appeals from a finding of “responsible” entered against him in a civil motor vehicle infraction proceeding. On appeal, he asserts that he was entitled to a finding of “not responsible” because a representative of the Boston Police Department did not appear to prosecute the case at the de novo hearing. We agree.
The record on appeal indicates that the appellant received a civil motor vehicle citation charging him with failure to stop for a school bus in violation of G.L.c. 90, §14. The defendant challenged the citation before a clerk-magistrate pursuant to G.L.c. 90C, §3 (A) (2), and a finding of “responsible” was entered after the hearing. The defendant then exercised his right to a de novo hearing before a judge pursuant to G.L.c. 90C, §3 (A) (4).
The defendant appeared at the de novo hearing, but neither the police officer who issued the citation nor any other representative of the Boston Police Department appeared. The absence of the police was without explanation or prior notice to the court or the defendant
An assistant clerk-magistrate, consistent with prevailing practice, provided the judge with a copy of the citation and the judge questioned the defendant as to the circumstances of the allegation that he failed to stop for a school bus. After the defendant’s responses, the judge announced a finding of “responsibility” by a fair preponderance of the evidence and imposed the scheduled assessment (effective July, 1999) of $200 for the infraction.
The procedures to be followed in the adjudication of challenges to civil motor vehicle citations are found in G.L.c. 90C, §§2 and 3. Although §3 states that a civil motor vehicle citation “shall be admissible and shall he prima facie evidence of the facts cited therein,” at both the hearing before a clerk-magistrate or a justice, we find nothing in §3 which relieves the police department from its obligation to introduce and produce evidence, including the citation. Moreover, de novo hearings conducted without a representative of the police department place the judge in the inappropriate role of prosecutorial advocate, thereby imposing an unnecessary strain on the already delicate thread of judicial impartiality.
The proceedings provided in G.L.c. 90C, §3, for the determination of responsibility in civil motor vehicle citations have been described as “sui generis” and “unique,” Commonwealth v. Mongardi, 26 Mass. App. 5 (1988), however, the police department is the plaintiff in these “noncriminal” hearings and therefore bears the burden of producing evidence at the outset of the hearing. See LIACOS, MASSACHUSETTS EVIDENCE, §5.2.2 (7th ed. 1999).
Thus, we find that where there is no police representative present to produce and introduce the citation into evidence, the prima facie effect of the citation is never established before the fact-finder and the defendant is entitled to a required *62 finding of “not responsible.” See, e.g., Karpowicz v. Manasas, 275 Mass. 413 (1931) (prima facie evidence of owner’s responsibility for operation of motor vehicle does not apply, as provided by G.L.c. 231A, §85A, where registration not proved or introduced into evidence).
We arrive at this conclusion for the additional reason that the defendant’s right of cross-examination is defeated by the conduct of these hearings without a representative of the police department Trial Court Rule VII, entitled “Uniform Rule on Civil Motor Vehicle Infractions,” which applies to the Boston Municipal Court as well as the District Court and Juvenile Court departments, provides under subsection (b) (1) that,
[questioning and cross-examination of witnesses shall proceed to the extent and in the manner determined appropriate by the judge or clerk-magistrate, provided, however, that a party shall not be denied the opportunity to present relevant evidence or cross-examine witnesses.
Clearly, the right of cross-examination conferred by Rule VII is thwarted if there is no one present for questioning.
We find additional support for this view in Town of Reading v. Murray, 405 Mass. 415 (1989), where the Supreme Judicial Court established that a “violator” was not entitled to a required finding of “not responsible” at a clerk-magistrate’s hearing where the citation was introduced by a police prosecutor instead of the officer who issued the citation. While the Court in Reading focused on the validity of the police prosecutor’s appearance at the clerk-magistrate’s hearing, in discussing the arguments made by the parties, the Court stated that the plaintiffs[1] “concede that if no representative of the citation-issuing authority had appeared at the clerk-magistrate’s hearing, dismissal for nonprosecution without right of appeal would he justified.” Town of Reading, supra at 416 (emphasis added).
Accordingly, the finding of the hearing judge is vacated and a finding of “not responsible” shall he entered and notice sent by the Office of the Clerk-Magistrate to the Registrar of Motor Vehicles.

 The Commonwealth was permitted to intervene in this case.