Summerville, J.
On June 23, 2000, the defendant; Semyon Dukach, was operating his motor vehicle in Boston when he was stopped by the Boston Police and issued a citation alleging noncriminal motor vehicle violations. The defendant requested a non-criminal hearing on the alleged infractions pursuant to G.L.c. 90C, §3 (A) (4). After a hearing before an assistant clerk-magistrate in the Boston Municipal Court on October 19, 2000, the defendant was found responsible. The police officer that issued the citation did not appear at the hearing but a police prosecutor appeared and introduced the citation issued to Dukach on June 23, 2000. The defendant appealed the matter and sought a de novo hearing pursuant to G.L.c. 90C, §3 (A) (4) and under Trial Court Rule VII, entitled Uniform Rule on Civil Motor Vehicle Infractions. Section (b) (3) of Rule VII states: “Claim of appeal to a judge from a clerk-magistrate’s finding and disposition shall be made upon the clerk-magistrate’s announcement of the finding and disposition, and shall be noted on the citation. There shall be no filing fee for such appeal.”
According to the record, the defendant’s appeal was heard the same day before a judge in the Boston Municipal Court No one from the Boston Police Department appeared at the de novo hearing to present testimony or introduce the citation as prima fade evidence as provided by G.L.c. 90C, §3 (A) (4). The hearing proceeded and the defendant while under oath, denied the allegations in the citation. No witnesses appeared on behalf of the Boston Police Department to dispute the defendant’s denials or give testimony regarding the allegations in the citation. Dukach was found responsible and he appealed the judge’s decision before the Appellate Division of the Boston Municipal Court in a timely manner. Trial Court RuleVII § (d)(1).
On appeal, the defendant asserts that the Boston Municipal Court judge erred in finding him responsible in the absence of a properly introduced citation by a police agent and without testimony from a percipient witness. Dukach argues that his sworn testimony, unchallenged by any contrary evidence, entitles him, as a matter of law, to a finding of not responsible. He argues that even the relaxed evi-dentiary standards in civil motor vehicle hearings requires a police agent to introduce the citation in order to establish as prima facie evidence the facts stated therein and that he is entitled to have an officer or other percipient witness present at the de novo hearing who is subject to cross examination. We agree.
The police, as the party plaintiff, bear the burden of producing evidence at the outset of a civil motor vehicle hearing. See, LIACOS, MASSACHUSETTS EVIDENCE, §5.2.2 (7th ed. 1999). The citation issuing agency also bears the burden of proving a violation of the civil motor vehicle laws by a preponderance of the credible evidence. G.L.c. 90C, §3 (A) (4); Trial Court Rule VH § (b)(2). When an agent of the police does not attend civil motor vehicle hearings there is no one present that has the authority to introduce the citation into evidence and establish *184 Üie prima facie effect of the citation. The court, which is a neutral fact finder, cannot introduce evidence on behalf of a missing party. Judges exercise the same impartiality in a civil motor vehicle hearing as in any other judicial proceeding.
The defendant concedes that if a police representative introduces the citation into evidence, there is nothing that would prohibit the citation being admitted as prima facie evidence of the facts stated therein. Town of Reading v. Murray, 405 Mass. 415, 417 (1989). He argues that if an officer from the citation issuing authority does not appear to rebut sworn testimony by the defendant that the alleged infraction never happened, the court is required, as a matter of law, to accept the alleged violator’s testimony as truthful. We reject this argument as an infringement upon the court’s obligation to determine the credibility of a witness. Trial Court Rule VII §(b) (1). The fact finder must have the discretion to determine a witness’ credibility. See, Commonwealth v. Widrick, 392 Mass. 884, 888 N.E. 2d 1353, 1356 (1984).
The defendant also urges the court to reverse the decision of the hearing judge because he was not given an opportunity to cross-examine a representative of the citation issuing authority since no one appeared at the hearing representing the police. We agree. Trial Court Rule VII § (b)(1) second paragraph states: “All witnesses shall be placed under oath. The rules of evidence shall not apply at such hearings. The evidence shall be given such weight as the judge or clerk-magistrate deems appropriate. Questioning and cross-examination of witnesses shall proceed to the extent and manner determined appropriate by the judge or clerk-magistrate, provided, however, that a party shall not be denied the opportunity to present relevant evidence or cross-examine witnesses.” In Town of Reading v. Murray, 405 Mass. 415, 416 (1989), the court stated that “... if no representative of the citation-issuing authority had appeared at the clerk-magistrate hearing, dismissal for non-prosecution without right of appeal would be justified ....”
Accordingly, the determination of the hearing judge is vacated and a finding of “not responsible” shall be entered. So ordered.