Dissenting Opinion
Hershfang, J.
The question posed in this case can be put this way: Does the law mandate a finding of “not responsible” whenever no police representative appears at the hearing on a motorisfs appeal? This decision, mirroring the views just recently expressed in the cited case, Boston Police Dep’t v. Moughalian, 2001 Mass. App. Div. 61 (2001) (hereafter Moughalian), answers “yes.” I believe that the answer is “not necessarily.”
The motorist in this case, Semyon Dukach, was charged with two civil infractions, failure to yield to a pedestrian in a crosswalk and speeding. Mr. Dukach and all of us who drive deserve to be protected from arbitrary police conduct Moreover, a finding of “responsible” constitutes a moving violation, which tends to increase a motorisfs motor vehicle insurance premiums. See, e.g., G.L.c. 175, §113B, tenth par. (In fixing and establishing classifications of risks, the commissioner of insurance is required to establish a safe driver insurance plan, such plan to reflect an adjustment of insurance premiums based on, among other things, “convictions of moving violations of motor vehicle laws, including payments pursuant to chapter ninety C...”). Thus, “due process” concerns maybe implicated. Cf., Luk v. Commonwealth, 421 Mass. 415, 428 (1995) (The governmenf s right to regulate licensing, including the power to revoke that right for public safety, is subject to “due process” limitations.).
On the other hand, all of us who venture out; including Semyon Dukach, are at least sometimes pedestrians. The laws governing speed limits and pedestrian crosswalks are designed and needed for our safety.
Legislation attempts to balance those competing interests. For starters, the *185 “rules of the road” at issue here are now wholly civil.[1] The standard for determining a motorisfs responsibility for the alleged 'wrongdoing is “preponderance of the credible evidence” — whether the charge is more likely true than not — and not “beyond a reasonable doubt” G.L.c. 90C, §3 (A) (4), sixth par. Most telling, the statute gives the citation prima facie effect Id., fifth par. That means that unless the motorist introduces credible evidence to outweigh it, the citation establishes the motorisfs responsibility See Cole v. New England Mutual Life Ins. Co., 49 Mass. App. Ct. 296, 297 (2000) (Unless prima facie evidence is rebutted by evidence to the contrary, a verdict for the party who introduces the evidence is required as a matter of law). Finally, the proceedings are governed by a set of rules that were approved and promulgated by the Supreme Judicial Court in 1986. See Commonwealth v. Mongardi, 26 Mass. App. Ct. 5, 6 n.2, further appellate review denied, 402 Mass. 11O4 (1988). The rules are set forth in Trial Court Rule VII, the “Uniform Rule on Civil Motor Vehicle Infractions” (hereafter, Motor Vehicle Rules). As the court noted in Mongardi, the statutory procedure for motor vehicle infractions is “unique.” Mongardi, supra at 9. In addition, as the Moughalian decision notes, hearings on motor vehicle cases are “sui generis.’’ Moughalian, supra at 61.
In these circumstances it is not surprising that different judges have dealt differently with the situation presented here, no police representative being present at the de novo hearing on the motorisfs appeal of a finding of “responsible” by a clerk-magistrate. Some judges, as Moughalian and now a majority of this panel reflect, view that absence as requiring a finding of “not responsible.” Others, likely focusing on the non-criminal character of motor vehicle appeals and the statutorily-created prima facie effect of the citation, have asked the appellant what he or she has to say about the circumstances that resulted in the issuance of the complaint
Town of Reading v. Murray, 405 Mass. 415 (1989), cited here and in Moughalian, says only that the Town of Reading and the Commonwealth (as intervener) “concede that, if no representative of the citation-issuing authority had appeared at the clerk-magistrate hearing, dismissal for nonprosecution without right of appeal would be justified. ” Id. at 416 (emphasis added). Thus, even that comment, at best dictum, does not mandate a “not responsible” finding.
It seems more useful to point out what Murray does hold. In that case, the motorist, facing a citation for speeding, requested a hearing before a clerk-magistrate. The police officer who issued the citation did not appear at the hearing before the clerk-magistrate. Murray’s request for a required finding of “not responsible” was denied. Murray was found “responsible” and appealed. At Murray’s de novo appeal, Murray’s motion to “dismiss the charge” on the ground “that *186 the officer concerned failed to appear at the clerk-magistrate’s hearing as required by G.L.c. 90C, §3 (A), paragraph 5” was denied. After taking testimony from the citing officer and Murray, the judge again found Murray “responsible.” Murray appealed to the Appellate Division and won. The failure of the citing officer to appear at the clerk-magistrate’s hearing required that Murray be found “not responsible,” the Appellate Division ruled. On appeal to the Supreme Judicial Court, the ruling of the Appellate Division was reversed. Murray, supra at 415-416.
Among other things, Murray says this: “G.L.c. 90C, §3(C) ... is silent with respect to the consequences of the issuing officer’s failure to attend. It would seem that, if the Legislature intended thee remedy for the nonappearance of the issuing officer to be the dismissal of the citation without a right of appeal, the Legislature would have made that provision explicit. See, e.g., G.L.c. 90C, §2, third par. (‘A failure to give a copy of the citation to the violator at the time and place of the violation shall constitute a defense in any court proceeding for such violation ...’)” (emphasis added). Murray, supra at 417. While the comment is made with respect to a clerk-magistrate’s hearing, from which a de novo hearing may be taken, the logic and the language from G.L.c. 90C, §3 (A) (4), fifth par., that “[i]n any such hearing before a magistrate or justice, the citation shall be admissible and shall be prima facie evidence of the facts stated therein ...” (emphasis added), apply equally to that de novo hearing before a judge. Indeed, Murray underscores the sui generis aspect of motor vehicle appeals. Thus, Murray cites section (b) (1) of the Motor Vehicle Rules, which provides that “ [t]he rules of evidence shall not apply at such hearings.” The same subsection provides that “[questioning and cross-examination of witnesses shall proceed to the extent and in the manner determined appropriate by the judge or clerk-magistrate, provided, however, that a party shall not be denied the opportunity to present relevant evidence or cross-examine witnesses.”[2] Yet, despite this proviso, and more importantly for our analysis, Murray underscores the civil nature of these proceedings. “[T]he right to confrontation secured to a defendant in criminal cases by art 12 [of the Declaration of Rights of the Constitution of the Commonwealth], contrary to the defendants contention, is not implicated by this noncriminal proceeding.” Murray, 405 Mass. at 418.
Murray appears to be the only case of the Supreme Judicial Court or the Appeals Court that may be relevant to the question at issue here. In two recent cases of this courts Appellate Division where the same argument was made as Semyon Dukach made here and as was made in Moughalian, supra, unanimous panels dismissed appeals. See Monteiro v. Boston Police Dep’t, 1998 Mass. App. Div. 251 (1998); Webneh v. Boston Police Dep’t, 1998 Mass. App. Div. 252 (1998). Except for the District Court Departments Murray opinion, which was reversed on appeal, there is no known decision of that tribunal with respect to this issue.[3]
Perhaps proceeding from the criminal origins of motor vehicle violations, Mou-ghalian and the majority in this case hold that a finding of “not responsible” is mandated by the absence of a police representative. With respect to the view that a police representative must be present to introduce the citation in order for it to have the statutorily established prima facie effect, the majority states that “[t]he court, which is a neutral fact finder, cannot introduce evidence on behalf of a miss *187 ing party. Judges exercise the same impartiality in a civil motor vehicle hearing as in any other judicial proceeding.”[4]1 believe that neither Moughalian nor the majority adequately reflects the legislative determination that we are dealing with a civil matter and that the motorist is, after all, the appellant, i.e., the motorist is seeking to overturn a finding of “responsible” reflected in the court records.[5] To require introduction of the citation by a police representative seems formalistic, elevating style over substance. Nor does a judge’s inquiry of the appellant’s viewpoint under oath equal inquisition, or even predisposition. Indeed, in the absence of the citation-issuing police officer, a credible motorists “story” should result in a finding of “not responsible.”
Nor, I believe, is the appealing motorist necessarily deprived of an opportunity to cross-examine as set forth in section (b) (1) of the Motor Vehicle Rules. For example, some motorists do not contest speeding, but deny it at the level charged. Or the motorist may testify, for example, “I didn’t see the pedestrian,” but not deny the pedestrian’s — or the school bus’s — presence. Note that in these instances, the motorist is not affected by an inability to cross-examine the absent citing officer.
Accordingly, since I believe that a finding of “responsible” may be warranted in some motor vehicle appeals, even when no police representative appears at the hearing, I respectfully dissent

 For decades, the procedure for motor vehicle violations existed in a criminal context See Commonwealth v. Marder, 346 Mass. 408 (1963). In 1978, a motorist charged with a motor vehicle offense still had the right to a jury trial. Commonwealth v. Germano, 379 Mass. 268, 275-276 (1979).
Legislation enacted in 1985 and 1986 significantly revised G.L.c. 90C to provide that certain automobile law violations, like those alleged here, considered minor, be made totally and permanently noncriminal. See Commonwealth v. Mongardi, 26 Mass. App. Ct. 5, 6, further appellate review denied, 402 Mass. 1104 (1988). Previously, the statutes governing such violations allowed an operator to choose between treatment of the allegation in a non-criminal manner and contesting the validity of the allegation by submitting to criminal prosecution. Id. at 8. “By eliminating the criminal option, the Legislature sought to fashion a nonjury civil procedure which would give an operator the protection of an informal judicial hearing, while ensuring that the overburdened court system would not be involved in lengthy trials of matters that no longer carried criminal penalties.” Id. at 8-9.

 We recently held that when the citing officer appears, some cross-examination, if sought, must be allowed. See Ehsani v. Boston Police Dep’t, 2001 Mass. App. Div. (August 13, 2001).

 Cf., Commonwealth v. Remondi, 1988 Mass. App. Div. 84, 85 (1988) (Officer’s failure to appear at the clerk-magistrate’s hearing after issuing a speeding citation resulted in a waiver of the officer’s right to appeal the clerk-magistrate’s finding of “not responsible.”).

 See supra at 183.

 Some consider motor vehicle cases analogous to small claims proceedings. In small claims cases, the determination of a clerk-magistrate is likewise givenprima facie effect See G.L.c. 218, §23, seventh par. (“[a] finding for the plaintiff... shall be prima facie evidence for the plaintiff in the trial by jury of six or before a single justice. At such trial the plaintiff may, but need not introduce evidence.”). Those making the connection between motor vehicle and small claims appeals may contend that the absence of the winning appellee at that de novo hearing requires reversal of the judgment appealed from. However (and even aside from the likely removal of that dismissal if the winning appellee later appears and explains the prior absence), I believe that motor vehicle appeals are significantly different After all, “small claims” conflicts concern only the parties involved. As noted, obeying the rules of the road involves a public interest