COMMONWEALTH *vs.* IRVING MARDER.

Suffolk. October 7, 1963. — November 4, 1963.

Present: SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Way,* Public: traffic regulations, parking. *Constitutional Law,* Equal protection of laws, Due process of law, Right to trial.

G. L. c. 90, §§ 20 and 20A, taken together, do not unconstitutionally deter one charged with violation of a motor vehicle parking regulation from asserting his right to a judicial determination of his guilt and deprive him of equal protection of the laws and due process of law in that, if he insists on a judicial determination and is found guilty he is exposed to the possibility of a substantial fine under § 20 and acquires a criminal record, whereas if he accepts a "non-criminal disposition" of the matter under § 20A he pays only a small fine and acquires no criminal record.

Commonwealth *v.* Marder.

COMPLAINT received and sworn to in the Municipal Court of the City of Boston on December 1, 1961.

Upon appeal to the Superior Court, a motion by the defendant to dismiss was denied by *Donahue, J.,* and after a finding of guilty the defendant alleged an exception to the denial of the motion.

*Irving Marder,* pro se.

*Murray P. Reiser,* Assistant District Attorney, for the Commonwealth.

CUTTER, J. The defendant was found guilty in the Municipal Court of the City of Boston of parking in Boston, on October 10, 1961, in violation of a city traffic rule. He was fined $25 and appealed to the Superior Court. There he filed a motion to dismiss on the grounds, among others, (1) that under regulations of the Boston Traffic Commission he would be subjected to a maximum fine of $3 on a first offence in one calendar year if he accepted "noncriminal disposition" of his case, whereas, if he insisted on a judicial determination, he would be exposed to the possibility of a maximum fine of $25 or $50 on such a first offence, depending upon his total prior record of traffic violations in all years; (2) that if he insisted on a judicial determination of his guilt he would have a criminal record, whereas he would not have such a record if he acknowledged his violation; and (3) that the provisions of G. L. c. 90, §§ 20 and 20A, taken together, intimidate defendants and deter them from insisting upon a trial. The motion asserted that the statutes, permitting noncriminal disposition of parking offences on a potentially more favorable basis than disposition by judicial determination, unconstitutionally denied him the equal protection of the laws and due process of law. The defendant's motion was denied. He again was found guilty and fined $25.

The pertinent statutes are set out in part in the margin.[1] General Laws c. 90, § 20A, is designed to establish a simple

---

[1] General Laws c. 90, § 20 (as amended through St. 1956, c. 389, § 3), reads in part: "Any person convicted of a violation of any provision of this chapter the punishment for which is not otherwise provided . . . shall be punished by a fine of not more than twenty-five dollars for· the first offence . . . ." We assume, although the meager record does not clearly establish this, that the

and convenient procedure for the disposition, on essentially an administrative basis, of charged violations of motor vehicle parking regulations. It was first adopted by St. 1934, c. 368, § 1, and has been frequently amended. Prior to its initial adoption there was prolonged legislative study and investigation by other responsible bodies.[2] Its legislative history shows that it was enacted to relieve the burden placed upon the courts and the police in disposing of minor traffic violations under the usual criminal procedure and to free violators, many of whose violations are trivial and in-

defendant was fined $25 under § 20. General Laws c. 90, § 20A (as amended through St. 1961, c. 455, § 6), reads in part: ''It shall be the duty of any police officer who takes cognizance of a violation of any provision of any rule, regulation, order, ordinance or by-law regulating the parking of motor vehicles established by any city . . . empowered . . . to make such rules or regulations therein, forthwith to give to the offender a notice to appear before the clerk of the district court having jurisdiction . . . .

''Any person [so] notified to appear before the clerk of a . . . court . . . may appear before such clerk and confess the offence charged, either personally or through an agent duly authorized in writing or by mailing to such clerk, with the notice, the fine provided herein . . . [For the following sentences of § 20A, see St. 1961, c. 233, § 1. After a schedule of fines the following language appears.] provided, however, that . . . this sentence shall not apply to any offense . . . committed in . . . Boston . . . but for such an offense, payment of the fine established therefor by the Boston traffic commission . . . shall operate as a final disposition of the case. . . . Proceedings under this paragraph shall not be deemed criminal; and no person notified to appear . . . as provided herein shall be required to report to any probation officer, and no record of the case shall be entered in the probation records. . . . [For the following sentence of § 20A, see St. 1953, c. 249, § 1.] Should any person notified to appear . . . fail to appear and, if a fine is provided . . . to pay the same, or having appeared desire not to avail himself of . . . the procedure established . . . the clerk shall . . . notify the officer concerned, who shall forthwith make a complaint and follow the procedure established for criminal cases. . . . [For the following sentence of § 20A, see St. 1961, c. 455, § 6.] The Boston traffic commission shall from time to time establish, . . . by rule or regulation, a schedule of fines for [such] offenses . . . committed in . . . Boston; provided, however, that the . . . commission shall not establish . . . any fine exceeding fifteen dollars.''

This section has been amended since 1961, most recently by St. 1962, c. 786, §§ 1–5. The bill of exceptions does not show that the traffic commission regulations were introduced in evidence. They are not adequately set out in the record. See *Passanessi* v. *C. J. Maney Co. Inc.* 340 Mass. 599, 604. Nevertheless, to avoid a succession of similar test cases, we have dealt with the question which the defendant attempted to raise by his motion.

[2] See Res. 1926, c. 37; 2d Report of the Judicial Council, 1926 Pub. Doc. No. 144, pp. 14, 24; 4th Report of the Judicial Council, 1928 Pub. Doc. No. 144, pp. 37–41, 75–78; Res. 1929, c. 45; Special Report of the Department of Public Works, 1930 Senate Doc. No. 5; Report of the Special Crime Commission, 1934 Senate Doc. No. 125, pp. 168–171, 220–223. See discussion of this and similar statutes in Note, 20 Mass. L. Q. (No. 1) 118; Warren, Traffic Courts, 56–65; Fisher, People's Court, 37–38. Cf. Economos, Traffic Court Procedure and Administration, 79–81.

advertent, from inconvenience disproportionate to the gravity of their offence.

Under the amended legislation, the right to a judicial determination whether an offence has been committed is carefully preserved. In the event of a finding of not guilty under § 20, of course, no penalty is imposed. If a defendant is found guilty, § 20 contains no requirement that the sentencing judge impose the maximum penalty. He may take into account the degree of seriousness of the violation and may place the case on file or impose a wide range of penalties up to the maximum, some of which may be less burdensome than the schedule of penalties available pursuant to § 20A. The noncriminal disposition under § 20A recognizes the fact, of ordinary experience in this motorized age, that most violators of such traffic regulations, even if the violations are inadvertent, recognize that they have committed a violation and prefer to pay a minor penalty without argument and inconvenience.

The noncriminal method of enforcement permitted by § 20A, as an alternative to criminal proceedings under § 20, is essentially a sensible, simple, administrative method of making necessary traffic rules effective, without clogging the courts, causing undue public inconvenience and resentment, or depriving any citizen of full opportunity at his option for a judicial determination of facts. It is open to all citizens on the same basis and constitutes a reasonable classification of minor offences for special administrative treatment. In the case of more serious offences, there might well be force to the defendant's contention that the risks of a more serious penalty and criminal record upon a criminal disposition (as under § 20) would tend improperly to coerce admission, in an administrative proceeding (as under § 20A), of a guilt which did not exist. Compare, as to more serious offences, *Waley* v. *Johnston,* 316 U. S. 101, 104; *Euziere* v. *United States,* 249 F. 2d 293, 294–295 (10th Cir.); *Heideman* v. *United States,* 281 F. 2d 805, 808–809 (8th Cir.). Cf. also *Letters* v. *Commonwealth, ante,* 403; *Teller* v. *United States,* 263 F. 2d 871, 872 (6th Cir.). It

will be time enough to consider that question when and if the Legislature attempts to deal with more serious offences by a procedure similar to § 20A. We hold now (1) that the procedure with respect to parking offences authorized by § 20A cannot be said to be unreasonable or discriminatory, either generally or as applied to this defendant, (2) that § 20A has not been shown to be an improper method of carrying out the obvious legislative purpose or beyond the powers of the Legislature (see *General Elec. Co.* v. *Kimball Jewelers, Inc.* 333 Mass. 665, 675; *Commonwealth* v. *Chamberlain,* 343 Mass. 49, 51; *Hall-Omar Baking Co.* v. *Commissioner of Labor & Indus.* 344 Mass. 695, 700), and (3) that no facts appear indicating that by § 20A this defendant has been denied due process of law.

The defendant has invited our attention to *Berger* v. *Denver,* 142 Colo. 72, 75, in which, upon a somewhat different statute, a majority of the Colorado court (over a strong dissent) reached a conclusion in some respects inconsistent with the result reached in this opinion. We are not prepared to follow that decision.

*Exceptions overruled.*