Johk J. Walsh, J.
This is an appeal from a judgment of conviction upon a plea of guilty in the City Court of Utica (Harold H. Hymes, City Judge).
During the years 1968 and 1969, the Police Department of the City of Utica apparently issued parking tickets to an automobile owned by the defendant-appellant. On November 12, 1969, a final notice listing such parking summonses was apparently mailed to the defendant-appellant. Receiving* no response, the City Court then issued warrants of arrest.
Pursuant to such warrants, the defendant-appellant appeared before the City Court with counsel and entered pleas of guilty. The court then fined the defendant a total of $900 or in lieu thereof, a jail term of 90 days. The court then inquired about the ability of the defendant to pay the fine and indicated a willingness to accept payment at the rate of $10 per week.
The sole issue raised on this appeal is whether the fine imposed in this case is legal and constitutional. Although counsel for the appellant raises an issue as to the function of a traffic ticket (Coville v. Bennett, 57 Misc 2d 838), there is no doubt that when the defendant appeared in court with his counsel, jurisdiction of the person of the appellant was obtained. Since there is nothing before us on appeal which indicates that the defendant was denied due process of law, the only issue to be decided is whether the fine imposed was improper for some reason.
The procedure and practice of the City Court of Utica is to authorize the payment at the traffic violations bureau of a nominal fine for a parking violation, either in person or by mail. If the nominal fine is not paid within a period of 72 hours, the traffic violations bureau is authorized to accept a fine in the increased amount of $5.
The policy of the court, however, is that once an information has been laid and a warrant of arrest issued after such 72 hours, •the fine to be imposed by the court is increased to $10. This policy undoubtedly was designed to avoid the extra cost and expense of the clerical work involved and the inconvenience to the police officer involved.
The appellant objects to the procedure whereby the fine is increased automatically to $5 after 72 hours and to $10, if *285 unsuccessful in the trial court. The claim is made that such procedure is not authorized by law; that it is unreasonable and not based upon absolute proof of notice to the violator; and that it is unconstitutional, probably because it denies the equal protection of the law.
In deciding this appeal, the court specifically excludes from consideration the question whether the increase in the fine after the lapse of 72 hours based solely upon a time element is valid. That question is not essential to the result here.
Sections 1640 and 1800 of the Vehicle and Traffic Law provide for the regulation of parking and the imposition of penalties therefor by local government. Such section authorizes a penalty of not to exceed $50 or 15 days, or both.
The General Municipal Law authorizes the establishment of a traffic violations bureau (§ 370) and provides for its jurisdiction and procedure (§ 371). Section 372 provides that: “The court shall designate the fines to be paid for offenses which may be satisfied at the bureau as hereinbefore stated, provided such fines are within the limits established as penalties for such offenses.”
In Matter of Long v. Macduff (284 App. Div. 61, 63 [1954]) the Appellate Division, Fourth Department, wrote: “It is clear that the purpose of such a bureau is to save the time of the motorist who has been charged with a minor violation of a traffic ordinance by permitting him to appear in person, or by agent, at the bureau and paying a prescribed fine for the offense ”.
The answer to the issue raised on this appeal may be found in a decision of the United States Supreme Court. In Commonwealth v. Marder (346 Mass. 408 [1963]) the defendant there was found guilty in Boston Muncipal Court of a parking violation. He was fined $25 under a statute which authorized a fine of not to exceed $25. He argued on appeal that if he had accepted “non-criminal disposition ” of his case, he would have been subject to a fine of $3.
The Massachusetts court held (p. 411) that: “ The noncriminal method of enforcement * * * is essentially a sensible, simple, administrative method of making necessary traffic rules effective, without clogging the courts, causing undue public inconvenience and resentment, or depriving any citizen of full opportunity at his option for a judicial determination of facts. It is open to all citizens on the same basis and constitutes a reasonable classification of minor offenses for special administrative treatment.”
*286 The Massachusetts court refused to follow Berger v. City of Denver (142 Col. 72 [discussed in “ Municipal 'Corporations: Validity of Greater Fine Than Minimum for Failure to Respond Promptly to Traffic Ticket ”, 14 Okla. L. Rev., 1961, p. 543]).
Under the name of Marder v. Massachusetts, the United States Supreme Court dismissed the appeal for want of a substantial Federal question (377 U. S. 407 [1964]) and thereafter denied a rehearing (379 U. S. 871).
In the instant case, the court indicated that a time payment plan would be worked out in order to avoid incarceration because of financial hardship.
Judgment affirmed.