COMMONWEALTH vs. JOHN A. MONGARDI.

No. 87-847.

Worcester. March 22, 1988. — May 5, 1988.

Present: GREANEY, C.J., PERRETTA, & FINE, JJ.

*Uniform Rules on Civil Motor Vehicle Infractions. Motor Vehicle,* Citation
for violation of motor vehicle law. *Practice, Civil,* Jury trial, Traffic
violation. *Constitutional Law,* Jury.

The hearing procedure prescribed by G. L. c. 90C, §§ 2, 3, whereby certain
minor statutory violations, deemed "civil motor vehicle infractions," are
adjudicated by a clerk-magistrate or judge in a District Court, did not
abridge a defendant's right to a jury trial secured him by art. 15 of the
Massachusetts Declaration of Rights. [7-9]

TRAFFIC CITATION issued on October 21, 1986.

The case was heard in the Westborough Division of the
District Court Department by *William F. Brewin,* J.

*John A. Mongardi,* pro se.

GREANEY, C.J. The defendant was given a citation by a
police officer under G. L. c. 90C, §§ 2 and 3, for following
too closely, failing to use seatbelts (prior to the repeal of the
law requiring their use), and speeding. The citation stated that
the allegations were to be treated as civil motor vehicle infrac-
tions. A clerk-magistrate of the District Court in Westborough
found the defendant responsible on the three allegations, and
the defendant appealed for a de novo hearing before a District
Court judge. Prior to that hearing, the defendant moved "for
a civil jury trial of the allegations contained in . . . [the] citation
. . . ." The judge denied the motion. After a de novo hearing,
the judge found the defendant responsible and ordered an as-
sessment of $85, which the defendant paid. The Appellate
Division upheld the order of the District Court. The defendant
appealed to this court. He contends that the denial of his motion
for a jury trial violates art. 15 of the Declaration of Rights of
the Massachusetts Constitution. We affirm.

The proceedings in which the defendant was involved were the result of legislation (St. 1985, c. 794, and St. 1986, c. 35, both effective July 1, 1986), which significantly revised G. L. c. 90C to provide that certain minor automobile law violations be made totally and permanently noncriminal. As provided by St. 1986, c. 35, § 10, violations within the defined category[1] "shall be deemed civil motor vehicle infractions and not criminal offenses, and all statutes, ordinances, by-laws or regulations heretofore providing for such automobile law violations shall be so interpreted."

The procedure for the handling of civil motor vehicle infractions in the District Courts is set forth in c. 90C, §§ 2 and 3. In broad outline, that procedure is as follows. The alleged infraction is recorded by a law enforcement officer on a citation which is given to the motor vehicle operator. The operator can either pay a prescribed assessment or seek a hearing before a clerk-magistrate.[2] If he requests a hearing before a clerk-magistrate and is found responsible for the motor vehicle infraction[3]

---

[1] The defined category (see c. 90C, § 1, and the first paragraph of § 3[A]) principally includes violations for which the maximum penalty or fine does not exceed $100 for the first offense and for which a penalty of imprisonment is not provided.

[2] Rules for the handling of civil infractions are set forth in Trial Court Rule VII, which is entitled "Uniform Rules on Civil Motor Vehicle Infractions." The rules were approved and promulgated by the Supreme Judicial Court on June 18, 1986, and became effective on July 1, 1986. A schedule of assessments has been promulgated (and periodically updated) in accordance with the second paragraph of § 3A of c. 90C.

[3] Rule (b)(2) of the Uniform Rules on Civil Motor Vehicle Infractions is entitled "Finding and Disposition" and provides as follows: "At the conclusion of the hearing, the judge or clerk-magistrate shall announce a finding and disposition of 'not responsible' or 'responsible.' The judge or clerk-magistrate shall enter a finding of 'not responsible' if he determines that it was not shown, by a preponderance of the credible evidence, that the alleged violator committed the infraction charged. If the judge or magistrate determines by a preponderance of the credible evidence that the alleged violator did commit the infraction charged, he shall enter a finding of 'responsible' and impose an assessment which shall be within the range permitted by law and in accordance with any applicable guidelines that have been promulgated pursuant to law. No other disposition shall be permitted. No disposition may be suspended and no costs shall be assessed, except that after a

the operator can appeal to a District Court judge, "who shall hear the case de novo." G. L. c. 90C, § 3(A), sixth par., inserted by St. 1986, c. 35, § 1. The third sentence of the sixth paragraph of § 3(A) provides that "[t]here shall be no right of jury trial for civil motor vehicle infractions." An appeal from the judge's finding can be taken to the Appellate Division of the District Courts, and the Appellate Division's order can thereafter be appealed to this court.

The defendant does not challenge the authority of the Legislature to denominate minor violations of certain motor vehicle laws as entirely civil matters. In particular, he does not argue that the Legislature lacked the authority to change the classification of certain minor violations of the motor vehicle laws to noncriminal even though previously, as criminal offenses, the violations carried the right to a jury trial. See *Commonwealth* v. *Germano*, 379 Mass. 268 (1979); *Commonwealth* v. *Curtin*, 386 Mass. 587 (1982). See also *Opinion of the Justices*, 360 Mass. 877, 885 (1971); *Opinion of the Justices*, 375 Mass. 795, 818-819 (1978); *Furtado* v. *Furtado*, 380 Mass. 137, 142-143 n.5 (1980). He contends only that the Legislature's denial of a jury trial to an operator who seeks to dispute responsibility for a civil motor vehicle infraction violates art. 15 of the Declaration of Rights. In pertinent part, art. 15 reads as follows:

> "In all controversies concerning property, and in all suits between two or more persons, except in cases in which it has heretofore been otherways used and practised, the parties have a right to a trial by jury . . . ."

finding of 'responsible' the judge or clerk-magistrate may continue the proceeding for a limited time to permit the violator to pay the assessment imposed. No case shall be continued without a finding or filed, and no person shall be subject to any terms of probation or any other requirement; provided, however, that if the violator has been found guilty and is simultaneously being sentenced upon a criminal motor vehicle violation that arose from the same occurrence as one or more civil motor vehicle infractions, the judge may order any other civil motor vehicle infractions to be filed without imposition of an assessment."

Determining responsibility for a civil motor vehicle infraction involves a proceeding between the State and a motor vehicle operator. The proceeding does not involve a suit between two or more persons in the sense provided for by art. 15.

Additionally, the proceeding does not involve a controversy concerning property as that phrase is used in art. 15. A party who is ordered by a judgment to pay money or otherwise part with property is not necessarily involved in a controversy concerning property which requires a jury trial under art. 15. *Parker* v. *Simpson,* 180 Mass. 334, 351-355 (1902). Resolving the question of entitlement to a jury trial under art. 15 involves consideration whether analogous civil proceedings existed at common law which required a jury trial. See *Parker* v. *Simpson, supra; Stockbridge* v. *Mixer,* 215 Mass. 415, 418 (1913), *S.C.,* 227 Mass. 501 (1917). Article 15 incorporates the experience of its drafters, who sought to retain the ordinary forms and administration of the English common law (with which they were most familiar), while allowing future generations to create new forms of actions and proceedings which, for practical reasons, might not require, or be appropriate for, decision by a jury. *Parker* v. *Simpson, supra.* See, e.g., *Nei* v. *Burley,* 388 Mass. 307, 313-315 (1983). The procedure specified in c. 90C for the handling of civil motor vehicle infractions is essentially sui generis, and does not express a civil claim, right or remedy which was recognized at common law as requiring a jury trial.

In enacting c. 90C, the Legislature was cognizant of Supreme Judicial Court decisions addressing previous statutes dealing with minor motor vehicle violations. Those statutes allowed an operator to choose between treatment of the allegation in a non-criminal manner and contesting the validity of the allegation by submitting to criminal prosecution. The decisions that considered the criminal alternative held, based on the language of the prior statutes, that an operator who chose to be charged criminally had a right to a jury trial. See *Commonwealth* v. *Germano,* 379 Mass. 268 (1979); *Commonwealth* v. *Curtin,* 386 Mass. 587 (1982). By eliminating the criminal option, the Legislature sought to fashion a nonjury civil proce-

dure which would give an operator the protection of an informal judicial hearing, while ensuring that the overburdened court system would not be involved in lengthy trials of matters that no longer carried criminal penalties. As was said about the noncriminal disposition of parking violations by a municipal agency: "The noncriminal method of enforcement permitted by [the statute] . . . is essentially a sensible, simple, administrative method of making necessary traffic rules effective, without clogging the courts, causing undue public inconvenience and resentment, or depriving any citizen of full opportunity at his option for a judicial determination of facts. It is open to all citizens on the same basis and constitutes a reasonable classification of minor offences for special administrative treatment." *Commonwealth* v. *Marder*, 346 Mass. 408, 411 (1963), appeal dismissed, 377 U.S. 407 (1964). These observations have relevance to c. 90C.

Finally, we note other characteristics of the new procedure that are of importance in deciding the issue. Part (a) of the Uniform Rules on Civil Motor Vehicle Infractions, which implement c. 90C, seeks to "secure the prompt and informal determination" of the matters addressed under c. 90C by hearings which are not subject to the rules of evidence (see part [b], Hearings). Civil jury trials are not handled informally, and they are governed by strict rules of evidence. Further, the assessments imposed, which may not exceed $100, may be viewed as reimbursement of governmental costs, and as having a remedial and regulatory purpose.

We hold: (1) that the procedure with respect to civil motor vehicle infractions authorized by c. 90C, §§ 1-3, is a unique nonjury procedure, see *Commonwealth* v. *Germano*, 379 Mass. at 276, which seeks to attain prompt compliance with government regulations while preserving the right to a fair hearing; and (2) that, at least in the respects at issue in this case, the adjudication of civil motor vehicle infractions by clerk-magistrates and judges without juries does not violate art. 15 of the Declaration of Rights.

*Order dismissing report affirmed.*