Lenhoff, J.
The Defendant-Appellant herein has appealed a judgment of responsible entered in the Trial Court for a civil motor vehicle infraction. Said infraction is set forth in a citation issued to him, samé being for a violation of Massachusetts General Laws, Chapter 90, Section 17 (speeding).
The appeal claims that said Defendant-Appellant was denied the right of discovery, thus preventing him from preparing an adequate defense. The discovery[1] sought was contained in a letter by him to the Clerk-Magistrate. A copy of said letter was forwarded to the Plaintiff Commonwealth. There was no response thereto. After a Clerk-Magistrate hearing, the Defendant-Appellant appealed a rendered decision of responsibility to the Trial Judge for a de novo hearing. Before the Trial Judge, the Defendant-Appellant moved that the Plaintiff Commonwealth be ordered to respond to his discovery request, and Dist/Mun. Cts. R. Civ. P., Rule 34 was cited as authority therefor. Thereupon, the Trial Judge reviewed said Rule 34, and denied same; ruling that the cited rule had no application to the instant proceedings.
This Appellate Division, as per Trial Court Rules, Rule VII, Uniform Rules on Civil Motor Vehicle Infractions, (d)(5) is given the responsibility to ascertain whether “prejudicial error occurred in the civil motor vehicle infraction proceedings,” and to take action accordingly.
A complete and thorough review and examination of said Rule VII fails to disclose any language therein relative to or concerning discovery. It is manifestly apparent that the total void in this particular was intended, for in paragraph (a) thereof captioned “Scope of Rule,” we find the following verbiage in the last sentence thereof: —
“This rule shall be construed and applied to secure the prompt and informal determination of civil motor vehicle infractions.”
*170 In enacting General Laws, c.90C, §3, as amended, the Legislature, by treating certain motor vehicle infractions, including speeding, as civil instead of criminal as was the case prior to this enactment, thereby eliminated the necessity of preparing criminal complaints and the routine issuance of criminal warrants. By so doing, a major administrative burden on the courts was alleviated. Now, the processing and disposition of the ever increasing number of traffic transgressions are efficiently and effectively dealt with. Consequently, the prompt and informal method of administering this type of case has saved both the Commonwealth and the people valuable savings and much time. Such compelling state interest undoubtedly was the motivating factor that prompted the present method of handling minor motor vehicle violations.
From the foregoing, it follows that the aforestated Rule VII applies to civil motor vehicle infractions, not the District/Municipal Courts Rules of Civil Procedure. Therefore, the Trial Court’s denial of the Defendant-Appellant’s discovery request and/or motion was proper and correct.
Though no discovery rule has been promulgated' to apply to motor vehicle infraction proceedings, it is recognized that Courts do possess inherent discretionary power “to do justice”. Consequently, in particular cases, Court discovery direction and guidance would be proper to encourage “voluntary discovery” by joint party participation. Any arbitrary and unreasonable refusal to cooperate would warrant an order of Court accordingly. Such order, however, should be employed sparingly and only in those cases that clearly demonstrate probable prejudice if sought after data or information is absent or not forthcoming.
In the case at bar, we find most of the requested discovery wide of the mark to negate the charged violation. Further, the small portion thereof that might obtain is determined to be of no significant moment to have prejudiced the Defendant’s defense.
There being no prejudicial error, the Defendant-Appellant’s appeal, be and is hereby dismissed.

 1. Copiesof the manufacturer’s name, serial number, model number and any otheridentifying symbols for the particular piece of radiopositioning equipment (radar) used on Citation A3154335 issued by Trooper O’Hare on February 6,1988 at Roule 495 in Berlin, MA.
2. Copies of the manufacturer’s specifications for the radar and all operator and technical manuals related to the radar.
3. Any certificates of testing and daily calibration logs for the radar.
4. Service and maintenance and records for the radar.
5. Trooper O’Hare’s arrest records for the year preceeding the issuance of the above named citation as well as for the day of issuance.
6. Trooper O’Hare’s training record and certificate to operate the radar. Also, to be provided at hearing:
1. The radar used in the issuance of the above named citation.
2. The tuning fork with which the radar was calibrated, and documents attesting to its accuracy.