Per Curiam.
This is a civil motor vehicle infraction appeal, G.L. c. 90C, §3 (A) brought by the defendantto challenge a finding of responsible for a violation of G.L. c. 90, §18 (Speeding) which was entered against him in the Newton Division of the District Court Department.
The gravamen of the defendant's appeal is his assertion that he was denied the right to pretrial discovery.
The record discloses that a citation for speeding was issued to the defendant by plaintiff Newton Police Department on December 27,1988. The citation states that the speed of the defendant's vehicle was both estimated by the police officer and measured by radar. In subsequenttestimony before the trial judge, the citing officer admitted that he had no independent recollection of the incident. The responsible finding entered againstthe defendantwas thus predicated solely on evidence of the radar reading.
Following the magistrate's hearing, the defendant requested information about the radar unit in question and was advised by the magistrate that the manual and file on the unit were readily available in the police department's traffic division. The defendant telephoned the traffic division, but was informed that he would not be allowed to inspect the documents which were indeed on file and easily accessible. An officer of the traffic division indicated that the defendant could “try” to obtain the materials by subpoena.
Atthe trial court hearing, the defendantmovedto dismiss the citation on the basis of the plaintiffs arbitrary refusal to produce the radar manual and file. The motion was denied. The defendant now claims that such denial was error in that he was deprived of the pretrial discovery of evidence essential to the presentation of an adequate defense. Specifically, the defendant asserts that his inability to inspect the radar manual and file precluded his effective cross-examination of the police officer as to the radar equipment requirements outlined in Commonwealth v. Whynaught 377 Mass. 4, (1979).
The Uniform Rules on Civil Motor Vehicle Infractions (“C.M.V.I.”), Trial Court Rule VII, which exclusively govern procedure in G.L. c. 90C, §3 (A) cases contain no express provision or language relative to discovery. It has been held, however, that the court's inherent, discretionary authority to insure justice in a case empowers a trial court to encourage and direct voluntary discovery by both parties. Commonwealth v. Kinstler, 1988 Mass. App. Div. 169, 170. The logical corollary of this proposition is that the court may and should order discovery or other appropriate relief where a party's refusal to cooperate is arbitrary and unreasonable and where probable prejudice accrues upon such refusal to the party seeking discovery. Id. at 170. Although no bright line test of the nature and extent of permissible discovery in C.M.V.I. cases can be drawn, a trial justice should consider whether discovery *5 has been sought by an appropriate, pretrial request, for reasonable access to clearly identified information or material, which is relevant to dispositive trial issues, and which is readily available to, or can be produced without undue expense and burden by, the party to whom the request is made. A request for discovery which does not comport with these general guidelines, which is per se unreasonable or which in any way contravenes the operative policy of Trial Court Rule VII to “secure the prompt and informal determination of civil motor vehicle infractions” should not be enforced by the court. Trial Court Rule VII, Section (a). See also, Commonwealth v. Mongardi, 26 Mass. App. Ct. 5, 8-9 (1988).
In the instant case, the plaintiffs summary denial of the defendant's reasonable, pretrial request to inspect documents which were on file in the police department and relevant to dispositive trial issues was arbitrary, unreasonable and inconsistent with the rights and obligations of parties to C.M.V.I. proceedings.
Accordingly, the trial court's finding of responsible is hereby vacated. A finding of not responsible is to be entered. So ordered.