Dolan, J.
This is an appeal pursuant to G.Lc. 90C concerning a civil motor vehicle infraction. The defendant received a citation for speeding, was found responsible for that violation by the trial judge, and appealed to this division.
Defendant alleges that he should be found not responsible for the speeding violation for the reason that he was denied discovery with respect to the particular radar device used to obtain the reading of speed. Defendant requested that the state police representative bring the radar device used to record his speed, as well as a log book for that device, to the hearing. At the time of the hearing, the state police representative reported that the radar device was then being used by another officer and that there was no log book for the device. Defendant’s motion for a dismissal was denied.
In certain circumstances it may be appropriate to order reliefwhenaparty refuses to cooperate with pretrial discovery. In those pretrial circumstances where reasonable access to clearly identified information or material, which is relevant to disputed trial issues, and which is readily available to, or can be produced without undue expense and burden to the party to whom the request is made, is denied a requesting party, dismissal of the case may be the appropriate relief. Newton Police Department v. Devasher, 1990 Mass. App. Div. 4. In the circumstances of this case, where the discovery sought is not pretrial discovery, but discovery at the time of trial, where the radar unit was currently in use elsewhere, and where defendant offered no explanation with respect to how he might be prejudiced by the absence of the radar device, we find no error in the trial judge’s denial of defendant’s motion to dismiss.
Defendant offered evidence that the radar device speed reading of 68 miles per hour was inaccurate. His evidence indicated that his speed was only approximately 65 miles per hour. He alleges that his evidence of a speed of 65 miles per hour was improperly used against him by the trial judge. He asserts that he received assurancesfromthetrialjudge that his evidenceof speed would notbeused against him. The record of the proceeding was reviewed and no such assurance was made by the trial judge. We would find no error if the trial judge used defendant’s evidence of speed for its full probative value.
In this case, the state police officer had an independent recollection of the incident and that in his opinion, the defendant was speeding. The trial judge assessed the defendant the minimum amount of $50.00, not the higher amount associated with a speed of 68 miles per hour.
There being no error of law, the adjudication is affirmed. The payment of all assessments is suspended for thirty (30) days from the date the clerk gives notice of this opinion to the parties.