Per Curiam.
This is a civil motor vehicle infraction appeal, G.Lc. 90C, §3 (A), brought by the defendant to challenge a finding of responsible for a violation of G.Lc. 90, §17 (Speeding) which was entered against him in the Framingham Division of the District Court Department.
On July 19,1989, the defendant was cited for operating a motor vehicle at seventy-five miles per hour in a fifty-five mile per hour zone. The total amount of the assessment calculated by the plaintiff and imposed by the trial court upon a finding of responsible was one hundred and fifty ($150.00) dollars.
The defendant thereafter prosecuted an appeal to this Division on several charges of error in the trial court’s finding against him. The defendant’s arguments present only two issues of law appropriate for appellate review; namely, (1) whether the trial court’s treatment of this case as a G.Lc. 90C, §3 non-criminal proceeding unlawfully deprived the defendant of his right to a jury trial; and (2) whether the court’s refusal to produce certain information requested by the defendant was arbitrary and prejudiced his preparation of an adequate defense.
1. Section 3 (a) of G.Lc. 90C expressly provides that “ [t] here shall be no right of jury trial for civil motor vehicle infractions.” See Commonwealth v. Mongardi, 26 Mass.App.Ct. 5 (1988). As enacted in 1986 (St.1986, c. 35, §10), paragraph one of Section 3(a) defined a civil motor vehicle infraction as “an automobile law violation[1] ... for which the maximum penalty or fine does not exceed one hundred dollars for the first offense and does not provide for a penalty of imprisonment....” Given this definition, the defendant contends that speeding infractions in violation of G.Lc. 90, §17, which now carry maximum penalties for first offenses in excess of one hundred dollars,[2] are not civil infractions subject to the procedural provisions of G.Lc. 90C.
This contention is without merit. Although the maximum penalties for first offense speeding violations in this Commonwealth may now exceed one hundred dollars, such automobile law violations remain civil motor vehicle infractions subject to the provisions of G. L c.90C, §3. Section 28 of St. 1988, c. 202 (not codified in the General Laws) expressly states:
*122 Upon the effective date of this act, all automobile law violations, as defined in section one of chapter ninety C of the General Laws, for which the assessment, heretofore considered a penalty or fine, does not exceed one hundred dollars for the first offense and does not provide for a penalty of imprisonment.... shall be deemed civil motor vehicle infractions and not criminal offenses...; provided, however, that violations of the provisions of section seventeen of said chapter nine... shall be deemed civil motor vehicle infractions to which this section shall apply.
Clearly, all speeding offenses are now civil motor vehicle infractions irrespective of the amount of the assessment charged upon a finding of responsible. There was thus no error in the trial court’s procedural treatment of the defendant’s speeding violation as non-criminal pursuant to the provisions of G.Lc. 90C, §3 despite the one hundred and fifty dollar assessment imposed.
2. There is also no merit to the defendant’s contention that he was entitled to a finding of not responsible because he was deprived of his right to reasonable, pretrial discovery. Less than three weeks before his hearing, the defendant submitted a written request to the trial court, rather than the plaintiff, for comprehensive statistics covering a full two year period on Massachusetts State Police citations issued; magistrate hearings and judicial review of the same; and acategorization by disposition of all cases in terms of findings, reduction of fines and further appeals. The defendant contends that such extensive information was essential to the presentation of his “proper defense” that the “courts are bias [sic] toward law enforcement agencies... [and do] not allow a defendant a fair chance at a ‘not guilty’ verdict” It is evident that the defendant’s request in no way constituted an
appropriate pretrial request, for reasonable access to clearly identified information or material, which is relevant to dispositive trial issues, and which is readily available to, or can be produced without undue expense and burden by, the party to whom the request is made.
Newton Police Department v. DeVasher, 1990 Mass.App.Div. 4, 5.
3. There being no error of law, the trial court’s finding of responsible is affirmed. Appeal dismissed.

 Certain automobile law violations are excepted from this statutory definition of civil infractions, but are not here relevant

 Prior to 1988, G.Lc.90, §20 provided for a fine of not more than fifty dollars for a first speeding offense in violation of G.Lc. 90, §§17,18. Section 20 was amended by St 1988, c. 202, §25, effective July 26,1988, to provide: “Any person convicted of a violation of the provisions of section seventeen... shall be punished by a fine of not less than fifty dollars. Where such conviction is for operating a vehicle at a rate of speed exceeding ten miles per hour over the speed limit for the way upon which the person was operating, an additional fine of ten dollars for each mile per hour in excess of the ten miles per hour shall be assessed.”