Per Curiam.
The question presented in this appeal is whether chapter 90C, §3 (a) (4), which permits the police to appeal a Magistrate’s not responsible finding on a civil motor vehicle infraction (CMVI) for a de novo hearing before a judge, is fundamentally unfair, violates double jeopardy, due process, or the separation of powers doctrine.[1] On February 6,2002, on Route 91 in Greenfield, Trooper Erik R. Baldwin stopped the appellant, Ronald P. Weiss, and cited him for a marked lane violation (c. 89, §4A) and for following too closely [720 CMR 9:06(7)]. Weiss requested a hearing which was scheduled for June 5, 2002. The notice informed him, “If you fail to appear, you will lose your right to a hearing.” On the scheduled hearing date, Trooper Baldwin did not appear, but the State Police court officer testified on oath in support of the violations. After hearing, the magistrate found Weiss “Not Responsible” of both allegations. The state police requested an “appeal” hearing before a judge.
At the appeal hearing on July 7, 2003 Weiss’s Motion to Affirm the Decision of the Magistrate was denied by the District Court judge who thereafter found him not responsible of the marked lane violation and responsible for following too closely Weiss appeals this responsible finding. We respond to the appellant’s arguments, seriatim.
Fundamental Fairness
There are clear legislative policy reasons for the adoption of the procedure set out in chapter 90C, §3 (A) (4)[2] providing for the non-criminal disposition of minor motor vehicle violations. As the Appeals Court noted,
[T]he Legislature sought to fashion a nonjury civil procedure which would give an operator the protection of an informal judicial hearing, *145 while ensuring that the overburdened court system would not be involved in lengthy trials of matters that no longer carried criminal penalties. As was said about the noncriminal disposition of parking violations by a municipal agency: The noncriminal method of enforcement permitted by [the statute] ... is essentially a sensible, simple, administrative method of making necessary traffic rules effective, without clogging the courts, causing undue public inconvenience and resentment, or depriving any citizen of full opportunity at his option for a judicial determination of facts. It is open to all citizens on the same basis and constitutes a reasonable classification of minor offences for special administrative treatment.’ Commonwealth v. Mongardi, 26 Mass. App. Ct. 5, 8-9 (1988), quoting Commonwealth v. Marder, 346 Mass. 408, 411 (1963), appeal dismissed, 377 U.S. 407, 84 S. Ct. 1626, 12 L. Ed. 2d 405 (1964).
Fundamental fairness requires reciprocal rights between the violator and the Commonwealth to a final decision. See Commonwealth v. Edgerly, 372 Mass. 337, 342 (1977). This procedure affords both parties an opportunity to resolve the case in a simple, informal hearing, not subject to the rules of evidence, where they can be bound by the decision of the magistrate only if they agree. Because magistrates’ decisions are not binding, either party may seek a de novo hearing before a justice whose decision is final. See n.2 infra.
The final decision by a judge on a CMVI also occurs when a judge sits on the initial hearing, either because the magistrate is unavailable [90C, §3 (A) (4) para. 4], or because the civil infractions were coupled with criminal offenses on the same citation [90C, §3 (C) (2) ]. Herein, there was no substantial advantage given to the state. Commonwealth v. A Juvenile (No. 1), 372 Mass. 38, 44 n.2 (1977). As a result, the procedure was not fundamentally unfair.
Double Jeopardy
The defendant argues that by allowing the Commonwealth to appeal from the magistrate’s “Not Responsible” finding for a de novo hearing, rights guaranteed him by the double jeopardy clause of the 5th Amendment to the U.S. Constitution as applied by Massachusetts law were abrogated.
Massachusetts common law and the Fifth Amendment to the United States Constitution protect criminal defendants from being placed twice in jeopardy in three circumstances: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. Commonwealth v. Smith, 58 Mass. App. Ct. 166 (2003). It is the “second prosecution after acquittal clause” that the defendant suggests applies herein. Although there is no express provision against prior jeopardy in the Massachusetts Declaration of Rights, it is part of common and statutory law of the Commonwealth. Commonwealth v. Elder, 389 Mass. 743 (1983).
Jeopardy, however, does not ordinarily apply to civil trials or administrative proceedings. Commonwealth v. Stone S., 45 Mass. App. Ct. 259, 260 (1998). ‘The purpose of the proceeding must be punishment in order to fall under the scope of double jeopardy.” Id. at 261. The defendant argues that “[t]he mere fact that the issue is civil and not criminal does not save it from scrutiny under constitutional doctrine,” (Appellant’s Brief pp. 7-8), and urges this court to treat the prosecution of civil motor vehicle infractions as criminal for double jeopardy purposes. The defendant notes that he is subject not only to a fine, but the responsible finding acts as a conviction pursuant to c. 90C, §4, possibly triggering Registry of Motor Vehicle penalties such as license loss and insurance surcharges under the Safe Driver Insurance Plan. 211 C.M.R. 74.00.
The Attorney General responds that the proper analysis for determining whether civil sanctions constitute punishment sufficient to transform the criminal *146 sanctions has recently been clarified in Silva v. Director of Div. of Marine Fisheries, 46 Mass. App. Ct. 608 (1999).
Whether a particular punishment is criminal or civil is, at least initially, a matter of statutory construction. The court must first determine whether the Legislature has expressly or impliedly indicated whether the penalty is civil or criminal. If it is determined that the Legislature has intended a civil penalty, the court must next examine ‘whether the statutory scheme [is] so punitive either in purpose or effect as to transform what was clearly intended as a civil remedy into a criminal penalty.’ Silva v. Director of Div. of Marine Fisheries, supra at 610-611, quoting Hudson v. United States, 522 U.S. 93, 118 S. Ct. 488, 493, 139 L. Ed. 2d 450 (1997).[3]
But “these factors must be considered in relation to the statute on its face ... and only the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty.” Id.
Proceedings under c. 90C, were revised by St. 1986, c.35, §10 to provide that certain minor automobile law violations “shall be deemed civil motor vehicle infractions and not criminal offenses, and all statutes, ordinances, by-laws or regulations heretofore providing for such automobile law violations shall be so interpreted.” Commonwealth v. Mongardi, supra at 6. Clearly, the Legislature intended that the penalty be civil.
The court must next examine “whether the statutory scheme [is] so punitive either in purpose or effect as to transform what was clearly intended as a civil remedy into a criminal penalty.” Silva v. Director of Div. of Marine Fisheries, supra at 610-611, quoting Hudson v. United States, 118 S. Ct. at 493. Without re-analyzing all the Hudson factors, we agree with the Commonwealth’s discussion of these factors, as outlined in its Brief at pps. 20-27. The imposition of the $20 fine is remedial and regulatory and not criminal. Scienter is not required. If there is a deterrent effect, “deterrence may serve civil as well as criminal goals.” Silva v. Director of Div. of Marine Fisheries, supra at 613. Another purpose of de-criminalizing civil motor vehicle infractions was to have an “administrative method of making necessary traffic rules effective.” Commonwealth v. Mongardi, supra at 9. This alternative purpose is rationally connected to the reason for the change. Nor can a $20 fine be said to be excessive.
For the foregoing reasons, the appellant has not shown the “clearest proof’ that the statutory scheme is so punitive either in purpose or effect as to transform this $20 assessment for following too closely into a criminal penalty. As a result, jeopardy in the criminal context does not attach to the finding of the clerk-magistrate.
Due Process
G.L.c. 90C, §3(a), provides that either party may appeal a decision of the clerk-magistrate and have a de novo hearing before a District Court judge. This statutory scheme provides immediate relief to the aggrieved party, in the sense that a *147 new hearing is automatically granted upon an oral notice of appeal, without the requirement of establishing that a specific error occurred during the first hearing. This automatic grant of a new hearing eliminates the extensive formalities, expense, and delay of a formal appeal, in which the winner of the first round would be compelled to participate, or lose by default.
Weiss does not complain that a second hearing, in and of itself, denies due process. But, he complains that due process principles are offended if the Commonwealth is allowed to appeal after the motorist has prevailed.
The Commonwealth is permitted to appeal in a variety of matters, including probation revocation hearings, which are civil in nature, in which the probationer has been found not to have violated probation. Commonwealth v. Negron, 441 Mass. 685 (2004).[4]
As noted above, the Legislature may designate the nature of proceedings, and governing principles, such as the burden of proof, as civil in nature. Silva v. Director of Div. of Marine Fisheries, supra; Commonwealth v. One 1972 Chevrolet Van, 385 Mass. 198, n.6 (1982). The Legislature has done so with respect to minor motor vehicle infractions, including the two infractions with which Weiss was cited, c. 90, §1.[5] Further, the Legislature clearly intended that both parties would have had a right to appeal this finding to a de novo trial before a judge of the District Court, c. 90C, §3(A), para. 6. Town of Reading v. Murray, 405 Mass. 415, 418-419 (1989). There is, therefore, a rational basis for this statutory scheme, and there is no basis to find that it violates substantive due process principles.
Weiss asserts that procedural due process principles were also offended because the written notice he received describing his right to contest the citation did not describe his options for hearing and appeal. The basic requirements of due process were met; he attended and fully participated in both hearings. There was no violation of procedural due process principles. As to the issues of both substantive and procedural due process, we adopt the reasoning contained in the Commonwealth’s brief.
Separation of Powers
Weiss further argues that in providing a mechanism for the police to appeal findings of non-responsibility, the legislature has arrogated judicial authority in defiance of Article 30 of the Massachusetts Declaration of Rights. He relies on case law which holds that a legislative attempt to grant a judicial rehearing violates the concept of separation of powers which is contained in Article 30. Dep’t of Revenue v. Jarvenpaa, 404 Mass. 177 (1989). For a legislative act to violate Article 30, it is essential that its action reverse, annul or modify a final judgment of a court. New England Trust Co. v. Paine, 317 Mass. 542 (1945). By creating a system which allows for a de novo appeal of a clerk-magistrate’s decision to a judge, the legislature has defined the judicial decision as the final judgment in a matter brought under G.L.c. 90C. Therefore, the provision of c. 90C, §3 does not infringe upon the constitutional separation of powers set forth in Article 30 of the Massachusetts *148 Declaration of Rights.
For the foregoing reasons, the finding of Responsible is AFFIRMED and the appeal is dismissed.

 ART. XXX. In the government of this commonwealth, the legislative department shall never exercise the executive and judicial powers, or either of them: the executive shall never exercise the legislative and judicial powers, or either of them: the judicial shall never exercise the legislative and executive powers, or either of them: to the end it may be a government of laws and not of men.

 90C, §3 (A) (4) para. 4, in effect at the time, held: “If the hearing is conducted by a magistrate other than a justice, either the violator or the police agency concerned may appeal the decision of the magistrate to a justice, who shall hear the case de novo. There shall be no right of jury trial for civil motor vehicle infractions.” “In any such hearing before a magistrate or justice, the citation shall be admissible and shall be prima facie evidence of the facts stated therein.” Id. at para. 5.

 Factors that provide “useful guideposts” as to whether a civil remedy is turned into a criminal penalty include: (1) whether the sanction involves an affirmative disability or restraint; (2) whether it has historically been regarded as a punishment; (3) whether it comes into play only on a finding of scienter; (4) whether its operation will promote the traditional aims of punishment — retribution and deterrence; (5) whether the behavior to which it applies is already a crime; (6) whether an alternative purpose to which it may rationally be connected is assignable for it; and (7) whether it appears excessive in relation to the alternative purpose assigned. Silva v. Director of Div. of Marine Fisheries, supra at n.7, quoting Hudson v. United States, supra, 118 S. Ct. at 493.

 For discussions and collected cases denoting the variety of matters in which the Commonwealth has the right to appeal, depending on the nature of the matter, see Commonwealth v. Vaidulas, 433 Mass. 247 (2001); Commonwealth v. Jenkins, 341, 501 (2000); Commonwealth v. Curtis, 53 Mass. App. Ct. 636 (2002).

 ‘“Civil Motor Vehicle Infraction,’ an automobile law violation for which the maximum penalty does not provide for imprisonment, excepting: (a) operation of a motor vehicle in violation of the first paragraph of section ten of chapter ninety; (b) a violation of section twenty-five of chapter ninety; and (c) any automobile law violation committed by a juvenile under the age of seventeen who does not hold a valid operators license.” G.L.c. 90C, §1.