In August, 2012, the plaintiff, town of Hull, filed an action in Housing Court seeking to permanently enjoin the defendant, Gail R. Kansky, from excessively feeding birds at her residential property. The two-count complaint alleged that Kansky's bird feeding violated provisions of the State sanitary code and town by-law, and created and maintained a public nuisance. After a two-day bench trial the judge entered a permanent injunction, enjoining Kansky and family members from feeding wild birds or fowl from her premises using any bird feeder or similar device or by hand. Kansky appeals from the judgment. The only question now before us is whether the trial judge properly denied Kansky's jury trial demand. We affirm.
Article 15 of the Massachusetts Declaration of Rights provides a right to a jury trial "[i]n all controversies concerning property, and in all suits between two or more persons." The present matter-an action in equity by a municipality to enjoin a public nuisance-does not involve a suit between two or more persons within the meaning of art. 15. Compare Commonwealth v. Mongardi, 26 Mass. App. Ct. 5, 8 (1988) (motor vehicle infraction). Likewise, and despite Kansky's assertion that the order entered infringes on her right to "feed[ ] and enjoy[ ] wildlife," this matter does not involve a controversy concerning "property" within the meaning of art. 15. See and compare Attorney Gen. v. Jamaica Pond Aqueduct Corp., 133 Mass. 361, 363 (1882) (allegation that draining of pond would "create a public nuisance" brought the case "within the established principle that the court has jurisdiction in equity to restrain and prevent nuisances"); Chase v. Proprietors of Revere House, 232 Mass. 88, 99 (1919) (house of prostitution; "The jurisdiction of a court of equity over nuisances had been recognized and established before the adoption of our Constitution, and the remedy being purely equitable, ... the motion for a jury trial [was] denied rightly"); Commonwealth v. Ferreri, 30 Mass. App. Ct. 966, 968 (1991) (where order entered compelling defendant to "forthwith" remove his dogs from his property, defendant had no jury trial right). Cf. Krasnecky v. Meffen, 56 Mass. App. Ct. 418, 423 (2002) (in "the absence of statutory authority," owner may not recover money damages on "loss of consortium claims related to the death of the sheep").
Nor are we convinced that there exists an "analogous civil proceeding[ ] ... at common law which required a jury trial." Mongardi, 26 Mass. App. Ct. at 8. On the contrary, as the foregoing authorities demonstrate, it has long been understood that "an injunction against the future maintenance of a public nuisance may properly be entered without the involvement of a jury." Commonwealth v. United Food Corp., 374 Mass. 765, 778 (1978). Compare Parker v. Simpson, 180 Mass. 334, 355 (1902) (master ordered defendant in estate proceedings to pay money damages; despite contested factual questions matter was "[b]oth as to subject matter and the remedy sought ... well within chancery jurisdiction" and defendant had no absolute right to a jury trial). The present matter, as noted, is in essence an action by a municipality to prospectively enjoin a public nuisance. As such, and notwithstanding that contested issues existed below as to whether Kansky's acts in fact created a public nuisance, this matter is a proceeding well within equity jurisdiction as it existed when the Commonwealth adopted its Constitution and that, therefore, may be resolved "without the involvement of a jury." United Food Corp., 374 Mass. at 778.
The authorities cited by Kansky are not to the contrary.[2] Unlike in the matters cited, the town here made no demand for money damages or such other relief as might have been available at common law, and no such remedy entered. Nor can we conclude on the record provided that the judge's considered decision to reject Kansky's jury trial demand was so idiosyncratic, arbitrary, or capricious as to constitute an abuse of discretion. See G. L. c. 185C, § 21, inserted by St. 1978, c. 478, § 92 ("All cases in the housing court department ... shall be heard and determined by a justice ... sitting without jury, except that in all cases where a jury trial is required by the constitution of the commonwealth or of the United States and the defendant has not waived his rights to a trial by jury, the cause shall be forthwith tried ... before a jury" [emphases supplied] ).
To the extent made, we need not consider Kansky's "takings" argument; the record before us fails to demonstrate she raised it below. See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006). To the extent we have not specifically commented on Kansky's remaining arguments, we have considered them and have found them to be without merit.
Judgment affirmed.

See Brayton v. Fall River, 113 Mass. 218, 230 (1873) (private action at law for money damages arising from defendant's acts that reduced water depth at plaintiff's wharf, rendering plaintiff's use of wharf difficult or impossible); Sawyer v. State Bd. of Health, 125 Mass. 182, 189, 192 (1878) (statute provided for jury review on appeal of order imposing conditions on assignment of slaughterhouse); Powers v. Raymond, 137 Mass. 483, 486 (1884) (debt collection matter; "The rights sought to be determined and enforced are essentially legal"); Carleton v. Rugg, 149 Mass. 550, 557-558 (1889) (court did not decide whether property owners had jury trial right in action by private persons to abate alleged nuisance from illegal sale of alcohol where operative facts admitted); Dalis v. Buyer Advertising, Inc., 418 Mass. 220, 222 (1994) (article 15 guarantees jury trial in "all ... cases and controversies ... unless the case was one in which a court of equity in either England or Massachusetts would have exercised jurisdiction in 1780" [emphasis supplied] ); New Bedford Hous. Authy. v. Olan, 435 Mass. 364, 371 (2001) ("the right to trial by jury generally does not extend" to actions in equity).