NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-342

MICHAEL BOTELHO

vs.

DIRECTOR OF THE DIVISION OF MARINE FISHERIES & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Michael Botelho, appeals from an order of a Superior Court judge allowing the defendants' motion for judgment on the pleadings, thereby affirming a decision of the Division of Marine Fisheries (division) not to renew certain of the plaintiff's fishing and charter boat permits.  We affirm.

To successfully challenge the division's decision under G. L. c. 30A, § 14 (7), the plaintiff must establish that "it was not supported by substantial evidence, was arbitrary or capricious, or was otherwise based on an error of law."  Ten

---

[1] The Division of Marine Fisheries.  We have corrected the misnomer of the division as identified in the complaint and substituted the title of the director for the individual defendant named in the complaint.

Local Citizen Group v. New England Wind, LLC, 457 Mass. 222, 228 (2010). "This standard is highly deferential to an agency and requires according due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it" (quotations and citations omitted). Id. We review de novo a Superior Court judge's order allowing a motion for judgment on the pleadings, as our review is based on, and limited to, the same administrative record. See Sullivan v. Superintendent, Mass. Correctional Inst., Shirley, 101 Mass. App. Ct. 766, 772 (2022); Delapa v. Conservation Comm'n of Falmouth, 93 Mass. App. Ct. 729, 733-734 (2018).

The plaintiff's principal claim on appeal is that the sanction of "nonrenewal of licenses with no path toward reinstatement" was "excessive" under the circumstances. The plaintiff did not raise this claim at the agency level. In fact, even though the presiding officer's tentative decision recommended "to not renew, or in the alternative, to suspend [the plaintiff's licenses] for a substantial length of time," and the plaintiff filed ten written objections, he did not make any argument that the recommended sanction was excessive. "A party is not entitled to raise arguments on appeal that he could have raised, but did not raise, before the administrative

agency" (quotation and citation omitted).  Foxboro Harness, Inc.

v. State Racing Comm'n, 42 Mass. App. Ct. 82, 85 (1997).

Even if the plaintiff's claim were properly before us, he

offers no basis in law or in fact on which we could conclude

that the sanction was excessive.  Not one of the four cases he

cited in support of this claim[2] stands for the proposition that

an agency decision may be reversed on the ground that the

penalty imposed was excessive.  He does not raise an Eighth

Amendment claim or make any reasoned argument that nonrenewal is

"grossly disproportional to the gravity of [his] offense."

United States v. Bajakajian, 524 U.S. 321, 334 (1998).  See,

e.g., Public Employee Retirement Admin. Comm'n v. Bettencourt,

474 Mass. 60, 71-75 (2016) (applying multifactor test to

conclude that forfeiture of $659,000 in retirement benefits was

excessive fine for crime of unauthorized access to computer

system); Bisignani v. Justices of the Lynn Div. of the Dist.

Court Dep't of the Trial Court, 100 Mass. App. Ct. 618, 622-626

(2022) (applying multifactor test to conclude that forfeiture of

---

[2] Bagley v. Contributory Retirement Appeal Bd., 397 Mass. 255 (1986), and Retirement Bd. of Brookline v. Contributory Retirement Appeal Bd., 33 Mass. App. Ct. 478 (1992), have no apparent bearing on the plaintiff's claim.  Silva v. Director of the Div. of Marine Fisheries, 46 Mass. App. Ct. 608 (1999), and Commonwealth v. Weiss, 2004 Mass. App. Div. 144 (2004), both held that civil sanctions, including the suspension of a lobstering license in Silva, were not so punitive that they amounted to criminal punishment for double jeopardy purposes.

approximately $1.5 million in retirement benefits was not excessive fine for procurement fraud and related offenses). Nothing in the administrative record, the Superior Court record, or the plaintiff's brief provides any basis to conclude that the nonrenewal of his licenses based on his record of infractions presented circumstances "that would justify our interference in the [division's] exercise of its discretion in terms of the sanction." Anusavice v. Board of Registration in Dentistry, 451 Mass. 786, 802 (2008), quoting Korbin v. Board of Registration in Med., 444 Mass. 837, 850 (2005).

The plaintiff also summarily suggests, with no citation to legal authority, that the division (1) erred by holding him responsible for his charter patrons' violations of size and catch limitations without establishing any negligence on his part and (2) engaged in selective enforcement by sanctioning him while others were merely given verbal warnings. "Briefs that limit themselves to 'bald assertions of error' that 'lack[] legal argument . . . [do not] rise[] to the level of appellate argument' required by rule 16" of the Massachusetts Rules of Appellate Procedure. Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011), quoting Zora v. State Ethics Comm'n, 415 Mass. 640, 642 n.3 (1993). "As both a legal and a practical matter, [the plaintiff's] submissions provide an insufficient basis for this court reasonably to consider his

4

claims." Kellogg, 461 Mass. at 1003.  In any event, we are persuaded by the division's arguments that (1) the relevant regulation does not require a showing of negligence, but rather imposes strict liability on charter captains for their customer's violations and (2) the plaintiff's selective enforcement claim has no basis in law.

Judgment affirmed.

By the Court (Massing,
 Neyman & Wood, JJ.[3]),

Clerk

Entered:  June 2, 2025.

---

[3] The panelists are listed in order of seniority.